IN  THE  UNITED  STATES  DISTRICT  COURT
FOR  EASTERN  DISTRICT  OF  PENNSYLVANIA

| | | |
|---|---|---|
| RANDALL ZIEGLER | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO: |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RR DONNELLEY, THOMAS ECKER, | : | |
| LEWIS WALTMAN AND ROBERT PERIS | : | |
| Defendants | : | |

## COMPLAINT

## JURY TRIAL DEMANDED

**INTRODUCTION:**

1.      This action is brought by Randall Ziegler to redress deprivation of his rights under the Americans With Disabilities Act (ADA) and under the Age Discrimination in Employment Act (ADEA) and under Title VII of the Civil Rights Act of 1964 as amended and the Pennsylvania Human Relations Act (PHRA) and for claims of Defamation.

**JURISDICTION AND VENUE**

2.      Original jurisdiction founded on the existence of questions arising under particular statutes and federal law. The action arises under the Americans with Disabilities Act (ADA) and under the Age Discrimination in Employment Act and Title VII of the Civil Rights Act of 1964 as amended.

3.      Jurisdiction based on diversity.  RR Donnelley is incorporated in the State of Delaware and the Corporate Headquarters are located in Chicago, Illinois.

1

4.    Jurisdiction founded upon principals of pendent jurisdiction under 28 U.S.C. section 1367 that authorizes the court to supplemental jurisdiction over any claims against parties that are part of the same controversy as the claim that provides the basis for the court's original jurisdiction.

5.    Defendant RR Donnelley employs in excess of 50 persons. The matter in controversy exceeds, exclusive of interests and costs, the sum of $100,000.

6.    The unlawful practices and harm complained of took place in Lancaster County in the Commonwealth of Pennsylvania where Defendant does business and where Plaintiff performed services on behalf of the defendant company.  Venue therefore lies in the Eastern District of Pennsylvania.

7.    Plaintiff complied with all the conditions precedent to the filing of this complaint. See attached Notice of Right to Sue at Exhibit A.

**PARTIES:**

8.    Plaintiff is a citizen of Lancaster County in the Commonwealth of Pennsylvania.  For more than twenty-six (26) years, Plaintiff performed services as an employee for and on behalf of Defendant RR Donnelley in Lancaster County, Pennsylvania.

9.    Defendant RR Donnelley is an international printing company headquartered in Chicago, Illinois.  Plaintiff worked for the defendant in the Steel Way Facility in Lancaster, Pennsylvania.

2

10.     At all times relevant, Defendant RR Donnelley acted by and through all management, supervisors, staff, directors, officers, employees, and all agents on behalf of the defendant.

11.     At all times relevant, Defendant Thomas Ecker was the Human Resources Manager at RR Donnelley's Steel Way Facility where the plaintiff worked.  Defendant Ecker acted individually and on behalf of RR Donnelley.

12.     At all times relevant, Defendant Lewis Waltman was Division Director for RR Donnelley that oversaw the Steel Way Facility where the plaintiff worked. Defendant Waltman acted individually and on behalf of RR Donnelley.

13.     At all times relevant, Defendant Robert Peris was a Supervisor for RR Donnelley at the Steel Way Facility.  Defendant Peris supervised the plaintiff.  Defendant Peris acted individually and on behalf of RR Donnelley.

**CLAIMS:**

14.     Plaintiff was born on January 23, 1955. Plaintiff is a fifty-two years old male.  For purposes of this complaint, Plaintiff was disabled and Plaintiff's condition affected his major life activities.

15.     Plaintiff worked for Defendant Company for more than twenty-six (26) years.

16.     Plaintiff was a Machine Operator in the Bindery at the Steel Way Plant in Lancaster, Pennsylvania.

17.     Plaintiff was a very friendly, skilled, dedicated, and hardworking employee that performed under pressure to speedily get jobs out on time.

3

a.    A Machine Operator in the Bindery is responsible to operate the bindery machine at a high rate of volume and speed under the pressure of putting out a timely quality product, including all "hot jobs" that require immediate completion.

18.    May 26, 2005, Plaintiff suffered a work injury that amputated his right little finger. Plaintiff claimed workers' compensation benefits.

19.    The plaintiff returned to work with restrictions that the defendants accommodated. The plaintiff was placed on light duty.

20.    Thirteen days after he returned to work, June 8, 2005, the defendants abruptly fired the plaintiff after twenty-six (26) years of proven service.

21.    The plaintiff was not warned or placed on notice that he would be fired.

22.    The defendants failed to follow company policies and procedures.

23.    Defendant Thomas Ecker knowingly published falsehoods that the plaintiff "insisted" that he would violate company safety standards in the future.

24.    Defendants relied on Defendant Ecker's published falsehoods and the defendants republished that Plaintiff intended to perform unsafe work practices.

25.    Defendants relied on the published falsehoods to fire the plaintiff from employment.

26.    Defendants, including Defendant Ecker, were not privileged to publish the falsehoods or the privilege, if any, was abused.

27.    The Defendants acted willfully, recklessly and in total disregard to the truth and in total disregard to the plaintiff's rights and protections.

4

28.    Plaintiff was a caring and sensitive employee that spoke out and reported racial discrimination of a Black co-worker.

a.    Plaintiff supported and advocated for his fellow African American co-worker Mike Milburn. Mike Milburn was denied full-time permanent employment at RR Donnelley. Plaintiff complained that the defendants discriminated against Mike Milburn.

29.    Plaintiff suffered discrimination and retaliation by defendants because of the plaintiff's association with an African American co-worker and/or because the plaintiff reported discrimination against the African American co-worker.

30.    Defendants fired the plaintiff from employment within sixty days after the plaintiff complained of the discrimination against the African American co-worker.

30.    The reason that the defendants fired the plaintiff was a pretext for discrimination.

31.    Defendants treated the plaintiff differently, disparately and adversely because of his age and/or his injury and/or his then disability/accommodation and/or because the plaintiff filed a claim for workers compensation and/or because of the plaintiff's association with an African American co-worker and/or because the plaintiff had reported racial discrimination.

32.    Defendants wrongfully discharged the plaintiff from employment.

33.     Defendant RR Donnelley has a pattern and practice of discrimination and wrongfully treating and wrongfully discharging long-term and/or older and/or disabled and/or injured employees with work restrictions and/or to discontinue accommodations.

5

34.    Defendant denied the plaintiff equal access and equal enforcement of the Company's policies and procedures.

35.    Plaintiff complied with conditions precedent to the filing of this action. See Notice of Right to Sue attached Exhibit A.

36.    Plaintiff suffered harm, damages and losses as a result of the defendants' joint and separate conduct.

## COUNT I

### RANDALL ZIEGLER  V.  RR DONNELLEY

37.    The allegations of paragraphs 1 thru 36 are incorporated by reference.

38.    The conduct by Defendant RR Donnelley described above constituted violations of the Americans with Disabilities Act.

39.    The conduct by Defendant RR Donnelley described above was willful within the meaning of the Americans with Disabilities Act.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant R.R. Donnelley and the Court:

(A)    Award Plaintiff actual damages for lost income and lost benefits with interest;

(B)    Award Plaintiff compensatory damages for distress, lost reputation, physical harm, embarrassment, and humiliation;

(C)    Award Plaintiff punitive damages;

(D)    Award Plaintiff costs of this action and reasonable attorney's fees and;

(E)      Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.


## COUNT II

### RANDALL ZIEGLER V. RR DONNELLEY

40.      The allegations of paragraphs 1 thru 39 are incorporated by reference.

41.      The conduct by Defendant RR Donnelley described above constituted violations of the Age Discrimination in Employment Act.

42.      The conduct by Defendant RR Donnelley described above was willful within the meaning of The Age Discrimination in Employment Act.


**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant R.R. Donnelley and the Court:

(A)      Award Plaintiff actual damages for lost income and lost benefits with interest;

(B)      Award Plaintiff compensatory damages for distress, lost reputation, physical harm, embarrassment, and humiliation;

(C)      Award Plaintiff liquidated damages;

(D)      Award Plaintiff costs of this action and reasonable attorney's fees and;

(E)      Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

## COUNT  III

### RANDALL  ZIEGLER  V.  RR DONNELLEY

43.       The allegations of paragraphs 1 thru 42 are incorporated by reference.

44.       The conduct by Defendant RR Donnelley described above constituted violations of Title VII of the Civil Rights Act of 1964 as amended.

45.       The conduct by Defendant RR Donnelley described above was willful within the meaning of Title VII of the Civil Rights Act of 1964 as amended.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant R.R. Donnelley and the Court:

(A)       Award Plaintiff actual damages for lost income and lost benefits with interest;

(B)       Award  Plaintiff compensatory damages for distress, lost reputation, physical harm, embarrassment, and humiliation;

(C)       Award Plaintiff punitive damages;

(D)       Award Plaintiff costs of this action and reasonable attorney's fees and;

(E)       Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

### COUNT  IV

### RANDALL  ZIEGLER  V.  RR DONNELLEY  AND THOMAS  ECKER AND LEWIS  WALTON  AND ROBERT  PERIS

46.      The allegations of paragraphs 1 thru 45 are incorporated by reference.

47.      The conduct by Defendants, separately and jointly, described above constituted violations of the Pennsylvania Human Relations Act.

48.      The conduct by Defendants described above was willful within the meaning of the Pennsylvania Human Relations Act.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendants and the Court:

     (A)      Award Plaintiff actual damages for loss of revenue, including back-pay, differential pay, future earnings and lost benefits with interest;

     (B)      Award Plaintiff compensatory damages for distress, lost career, embarrassment, and humiliation;

     (C)      Award Plaintiff costs of this action and reasonable attorney's fees;

     (D)      Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

## COUNT V

## RANDALL ZIEGLER V. RR DONNELLEY AND THOMAS ECKER AND LEWIS WALTON AND ROBERT PERIS

49.      The allegations of paragraphs 1 thru 48 are incorporated by reference.

50.      Defendant Thomas Ecker published the damaging falsehood that the plaintiff "insisted" that he would violate company safety standards in the future.

52.      The statement was patently untrue.

53.      Defendants were recipients of the falsehood.

54.      Defendants relied on the falsehood and republished misstatements that the plaintiff intended to perform unsafe work violations into the future.

55.      Defendants relied on the falsehoods and misstatements to fire the plaintiff from employment of twenty-six (26) years.

56.      Defendants, including Defendant Ecker, were not privileged to publish the falsehoods or the privilege, if any, was abused.

57.      The Defendants acted maliciously, willfully, recklessly and in total disregard to the truth and in total disregard to the plaintiff's rights and protections.

58.      The false accusations and false statements that plaintiff was fired for intended work safety violations ruined the plaintiff's reputation, caused the plaintiff and his family great distress and irreparable harm and destroyed the plaintiff's career.

59.      The false statements portrayed the plaintiff as an incorrigible employee to the community at large, the community within RR Donnelley and prospective employers.

60.      The publication of false and misleading statements caused Plaintiff to suffer economic damages and harm including but not limited to lost employment income and benefits, lost reputation, embarrassment, lost career, humiliation, distress, financial hardship and anxiety.

61.      Defendants are liable to Plaintiff for defamation.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant R.R. Donnelley, Defendant Thomas Eckert, Defendant Lewis Walton and Defendant Robert Peris and the Court:

(A)    Award Plaintiff actual damages for lost income and lost benefits with interest;

(B)    Award Plaintiff compensatory damages for distress, lost reputation, physical harm, embarrassment, and humiliation;

(C)    Award Plaintiff punitive damages;

(D)    Award Plaintiff costs of this action and reasonable attorney's fees and;

(E)    Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

Respectfully submitted:

NBS2755

Nina B. Shapiro, Esquire

Attorney for Plaintiff
PA #44040
53 North Duke Street, Suite 201
Lancaster, PA 17602
717-399-8720

DATE:  April 17, 2007